UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RANDAZZO,

       Petitioner,

                                                Case No. 15-cv-14176

v.

                                                HON. MARK A. GOLDSMITH

LORI GIDLEY,

       Respondent.

_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Joseph Randazzo, presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his conviction for conspiracy to deliver or manufacture less than fifty grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv); conspiracy to deliver or manufacture forty five grams or more of marijuana, Mich. Comp. Laws § 333.7401(d)(1); and maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d).

For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also declines to issue a certificate of appealability, but grants leave to proceed in forma pauperis on appeal.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Antrim County Circuit Court. This Court recites verbatim the relevant facts upon which the Michigan Court of Appeals relied,

1

which are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009).

> In 2006 and 2007, defendant and his then-girlfriend Jenny Ketz traveled weekly to Detroit to purchase marijuana, which they resold for profit. Around 2007, they started purchasing heroin as well. In addition to other sales, defendant and Ketz sold drugs to Ketz's sister and her boyfriend, and retained some drugs for personal use. Ketz testified that she and defendant furnished their home with luxury items purchased with drug money. However, she explained that as their drug use increased, they used the sales proceeds to support their habit. Eventually, they were unable to meet their living expenses and moved in with defendant's parents.

People v. Randazzo, No. 314326, 2014 WL 1323110, at * 1 (Mich. Ct. App. Apr. 1, 2014) (per curiam). Petitioner's conviction was affirmed on appeal. Id.

The Michigan Supreme Court, in lieu of granting leave to appeal, vacated Petitioner's sentences and remanded the case to the trial court for re-sentencing. The trial court was directed to impose concurrent sentences or otherwise articulate on the record the reasons for the consecutive sentences that were originally imposed. The court denied Petitioner leave to appeal with respect to his remaining claims. People v. Randazzo, 855 N.W.2d 752 (Mich. 2014).

Petitioner seeks a writ of habeas corpus on the following ground:

> Mr. Randazzo's trial counsel failed to present a substantive defense and, therefore, rendered ineffective assistance. Thus, depriving Randazzo of his Sixth Amendment right to effective assistance of counsel and resulting in an unreasonable application of clearly established federal law as determined by the Supreme Court in Strickland-v-Washington, 466 U.S. 668 (1984) or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

Pet. at 4.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010). A "state court's determination that a

claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

4

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. Id.; Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Finally, this Court notes that although Petitioner's appellate counsel raised Petitioner's ineffective assistance of trial counsel claim in his brief on appeal, see Appellant Br. at 28-36 (cm/ecf pages) (Dkt. 8-5), the Michigan Court of Appeals inexplicably failed to address the claim in their opinion affirming Petitioner's conviction and sentence. "When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits" for purposes of invoking the AEDPA standard of review. Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013). Because the Michigan Court of Appeals clearly rejected the ineffective assistance of counsel claim when affirming Petitioner's conviction, the AEDPA's deferential standard of review applies to Petitioner's claim.

### III. ANALYSIS

Petitioner claims that his trial attorney was ineffective for failing to call Petitioner's parents as defense witnesses. Petitioner alleges that his parents should have been called to counter the prosecution's theory about Petitioner's spending, finances, and his work, in order to rebut the prosecution's allegations that Petitioner was selling large amounts of narcotics that would have presumably netted Petitioner a large amount of money. Petitioner specifically claims that his parents would have testified that it was impossible for Petitioner to have sold the large amounts of heroin and marijuana that the prosecutor was alleging, because of his financial difficulties. Petitioner's parents would have testified that Petitioner purchased his home in 2005

5

for $50,000.00, with a mortgage payment of $520.81. The parents would testify that the home had been remodeled prior to Petitioner moving in, which would account for some of the luxury items found in the house. The parents would have testified that they had to purchase the washer and dryer for Petitioner as a gift. Petitioner claims that his parents would have refuted testimony that he owned expensive automobiles, by testifying that in 2005 Petitioner purchased a 1990 Dodge Van for $4,941.00. Petitioner's parents would testify that Petitioner agreed to tile their back porch to earn money to purchase new tires for this vehicle. Petitioner's parents would also testify that the Cadillac that Petitioner purchased in 2006 was a 1999 vehicle that he bought for $10,000.00, of which $7,000.00 came from Petitioner's 2005 tax refund. Petitioner's parents would also testify that Petitioner received $13,289.00 after refinancing his home in 2005. Petitioner's parents would have also testified that Petitioner moved into another home on the same street in 2006 that was owned by his father so that Petitioner could rent out his own home. The parents would testify that this home had also been remodeled prior to Petitioner moving into the home, which would account for various luxury items at the house. Petitioner's father would also testify that Petitioner had worked for his company laying tiles, and that Petitioner was a hard worker with a good reputation with customers. Significantly, Petitioner's parents would have testified that they were aware of Petitioner's long-standing battles with drug addiction, which caused him to live paycheck to paycheck.

Respondent argues that Petitioner waived review of the claim when he twice agreed on the record at trial with his attorney's decision not to call his parents as witnesses.

**A. Waiver**

Waiver is an "intentional relinquishment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993). A criminal defendant who has waived his rights "may not then seek

6

appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." United States v. Griffin, 84 F.3d 912, 924 (7th Cir. 1996) (citing Olano, 507 U.S. at 733-734); see also Shahideh v. McKee, 488 F. App'x 963, 965 (6th Cir. 2012) ("[W]aiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors."). Moreover, a defendant in a criminal case cannot complain of error that he himself has invited. Shields v. United States, 273 U.S. 583, 586 (1927). When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error. See Fields v. Bagley, 275 F.3d 478, 486 (6th Cir. 2001).

Petitioner twice agreed on the record with his attorney's decision not to call his parents as defense witnesses. On the first day of trial, Petitioner acknowledged to the trial court that he had discussed the issue of calling his parents as witnesses with his attorney. Petitioner informed the judge that his attorney answered all of his questions, that he weighed the "plus and minuses" of his decision, and, ultimately, that Petitioner shared in the decision not to have his parents testify. Petitioner's attorney confirmed Petitioner's concurrence with the decision to forego calling his parents as witnesses. 9/25/2012 Trial Tr. 221-222 (Dkt. 8-2). The following day, the judge actually offered to reopen the proofs to allow Petitioner to call his parents as witnesses. Petitioner again indicated that he did not wish to call his parents as defense witnesses. 9/26/2012 Trial Tr. at 3-4 (Dkt. 8-3).

Petitioner agreed with counsel's decision to forego calling his parents as defense witnesses. Petitioner has waived review of the claim. The Sixth Circuit has noted that, "[w]here a defendant, fully informed of the reasonable options before him, agrees to follow a particular strategy at trial, that strategy cannot later form the basis of a claim of ineffective assistance of counsel." Jackson v. McQuiggin, 553 F. App'x 575, 582 (6th Cir. 2014). Nothing in the record

7

suggests that Petitioner misunderstood his attorney's assessment of the evidence or establishes that he disagreed with his decision not to call his parents as witnesses. Therefore, Petitioner is not entitled to relief on his claim.

### B. Merits

Even if the claim was not waived, Petitioner is still not entitled to relief. To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test.

First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689.

Second, the defendant must show that such performance prejudiced his defense. Id. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether

8

that determination was unreasonable — a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123. Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a Strickland claim brought by a habeas petitioner. Id. This means that on habeas review of a state-court conviction, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Harrington, 562 U.S. at 101. "Surmounting Strickland's high bar is never an easy task." Id. at 105 (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)).

      Petitioner is not entitled to relief on his claim for several reasons. First, as mentioned above, Petitioner agreed to forego calling his parents as witnesses after consultation with his attorney. Counsel was not ineffective in failing to call the parents as witnesses, because he made this decision only after Petitioner agreed that his parents should not testify at trial. See Cowans v. Bagley, 639 F.3d 241, 249-250 (6th Cir. 2011) ( Ohio Supreme Court's determination that trial counsel's failure to present mitigating evidence at sentencing phase of capital murder trial was not deficient performance, and, thus, that prisoner was not deprived of effective assistance of counsel, was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts, as would warrant federal habeas relief, where counsel did not decide for themselves on a whim not to present mitigating evidence, but, rather, they reached that decision after several conversations over a period of time with prisoner).

Second, trial counsel's decision not to call Petitioner's parents as defense witnesses may have been strategic. Under Strickland, a court must presume that decisions by counsel as to whether to call or question witnesses are matters of trial strategy. See Hutchison v. Bell, 303 F.3d 720, 749 (6th Cir. 2002). Petitioner's counsel chose to attack the credibility of Ketz by questioning her extensively about her illegal drug usage and addiction, her prostitution, her prior convictions for uttering and publishing, pending forgery charges that she had at the time of trial, and the plea bargain that she made with the prosecution in exchange for her testimony. Ketz acknowledged that Petitioner had a regular job during much of this time period. 9/25/2016 Trial Tr. at 162-170. Defense counsel elicited an admission from Ketz's sister, Ashley Ketz, that she, too, was testifying against Petitioner in exchange for a plea agreement. Id. at 184-185. Counsel obtained admissions from Officer Gerald Bilacic, the undercover officer, that he purchased the heroin from Ashley Ketz's boyfriend, Ronald Bigger, not from Petitioner. Officer Bilacic acknowledged that none of the packages containing the heroin or other drugs were tested for fingerprints. Id. at 195-196, 198. Counsel questioned Ronald Bigger, the man who claimed to purchase the heroin from Petitioner. Bigger acknowledged that he did not tell the truth when he previously testified pursuant to an investigative subpoena. Id. at 214.

Defense counsel extensively attacked the credibility of these witnesses in his closing argument. 9/26/2012 Trial Tr. at 22-38. Counsel specifically brought up the fact that, although the value of the drugs sold amounted to $ 475,000.00, the prosecutor failed to introduce Petitioner's financial records to show that he had large amounts of money, nor was there any testimony from the witnesses that Petitioner had taken lavish vacations or owned any expensive items. Id. at 29-31.

Defense counsel's failure to call Petitioner's parents to testify at Petitioner's trial was a matter of reasonable trial strategy, and, thus, did not constitute ineffective assistance of counsel, where counsel instead chose to rely on discrediting the prosecution's witness by challenging their credibility. See Hale v. Davis, 512 F. App'x 516, 521-522 (6th Cir. 2013). Indeed, "to support a defense argument that the prosecution has not proved its case it sometimes is better to try to cast pervasive suspicion of doubt than to strive to prove a certainty that exonerates. All that happened here is that counsel pursued a course that conformed to the first option . . . In light of the record here there was no basis to rule that the state court's determination was unreasonable." Id.

Trial counsel may also have had strategic reasons for not calling Petitioner's parents as witnesses out of a belief that, as family members, they would not make credible witnesses. See, e.g., Stadler v. Berghuis, 483 F. App'x 173, 176-177 (6th Cir. 2012).

Finally, Petitioner acknowledged to the judge that if his parents were called as witnesses, they could be cross-examined about whether Petitioner had been addicted to drugs and whether he was selling things to support his drug habit. 9/25/2012 Trial Tr. at 220-221. Counsel's decision to forego calling Petitioner's parents out of fear that it risked opening the door to additional incriminating testimony was a strategically defensible choice that defeats Petitioner's claim. See Jackson v. Bradshaw, 681 F.3d 753, 761 (6th Cir. 2012).

**C. Certificate of Appealability and Leave to Proceed In Forma Pauperis On Appeal**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits,

11

the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and concludes that reasonable jurists would not debate the Court's conclusion that the petition should be denied. Accordingly, a certificate of appealability is not warranted in this case.

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant in forma pauperis status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765.

Although jurists of reason would not debate the Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal.  Id. at 764-765.

## IV.  CONCLUSION

For the reasons stated above, the Court denies the petition for a writ of habeas corpus with prejudice, declines to issue a certificate of appealability, and grants leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated:  August 12, 2016                                             s/Mark A. Goldsmith
           Detroit, Michigan                                               MARK A. GOLDSMITH
                                                                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2016.

                                                                                    s/Karri Sandusky
                                                                                    Case Manager